UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| RESERVOIR MEDIA MUSIC MANAGEMENT, INC. d/b/a RESERVOIR MEDIA MUSIC, W CHAPPELL MUSIC CORP. d/b/a WC MUSIC CORP., KASZ MONEY PUBLISHING, and WHEN I'M RICH YOU'LL BE MY BITCH,<br><br>Plaintiffs,<br><br>v.<br><br><br>TAP and GRILL, LLC and TIMOTHY VOGEL,<br><br>Defendants. | Civil Action No.<br><br><br><br><br><br><br>**Complaint** |

-----------------------------------------------------------------------

Plaintiffs, complaining of the Defendants, by Bergmanis Law Firm, L.L.C. and RA Jeep Law, LLC, their attorneys, allege:

1. This is a suit for copyright infringement under Title 17 of the United States Code.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1338(a), and venue in this District is proper pursuant to 28 U.S.C.§ 1400(a).

3. Plaintiffs allege three (3) causes of action for copyright infringement based on the Defendants' public performances of Plaintiffs' copyrighted musical compositions. SCHEDULE A, annexed to the Complaint, sets forth in summary form the allegations hereinafter made with respect to the Plaintiffs, their copyrighted musical compositions, and Defendants' acts of infringement.

## THE PARTIES

4. The Plaintiffs named in Column 2* are the owners of the copyrights in the original musical compositions listed in Column 3 and are properly joined in this complaint under Rule 20 of the Federal Rules of Civil Procedure.

5. On information and belief, defendant Tap and Grill, LLC ("TGL") is a limited liability company organized under the laws of Missouri with offices at 31959 Dunwandrin Road, Gravois Mills, Missouri 65037.

6. At all times hereinafter mentioned, TGL did, and still does, own, control, manage, operate, and maintain a place of business for public entertainment, accommodation, amusement, and refreshment known as Tap & Grill Lake Side Brew Haus ("Tap & Grill"), located at 31959 Dunwandrin Road, Gravois Mills, MO 65037.

7. Musical compositions were and are publicly performed at Tap & Grill.

8. On information and belief, defendant Timothy Vogel ("Vogel" and, together with TGL, the "Defendants") is an individual who resides and/or does business in this District.

9. At all times hereinafter mentioned, Vogel was, and still is, an owner, officer, director, and/or member of TGL.

10. At all times hereinafter mentioned, Vogel was, and still is, responsible for the control, management, operation and/or maintenance of the affairs of TGL.

11. At all times hereinafter mentioned, Defendants jointly had, and still have, the right and ability to supervise and control the activities that take place at Tap & Grill, including the right and ability to supervise and control the public performance of musical compositions at the establishment.

12. Each Defendant derives a direct financial benefit from the public performance of musical compositions at Tap & Grill.

---

\* All references to "columns" herein refer to the numbered columns set forth in SCHEDULE A.

2

## FACTS SPECIFIC TO DEFENDANTS' INFRINGEMENT OF PLAINTIFFS' COPYRIGHTED MUSICAL COMPOSITIONS

13. The Plaintiffs are all members of the American Society of Composers, Authors, and Publishers ("ASCAP"), a membership association that represents, licenses, and protects the public performance rights of its more than one million songwriter, composer, and music publisher members.

14. Each ASCAP member grants to ASCAP a non-exclusive right to license the performing rights in that member's copyrighted musical compositions. On behalf of its members, ASCAP licenses public performances of its members' musical works, collects license fees associated with those performances, and distributes royalties to its members, less ASCAP's operating expenses.

15. Going back several years, ASCAP representatives have made numerous attempts to contact the Defendants, or their representatives, agents, or employees, to offer an ASCAP license for Tap & Grill. ASCAP has contacted Defendants by telephone, by mail, and by e-mail.

16. Defendants have refused all of ASCAP's license offers for Tap & Grill.

17. ASCAP's various communications gave Defendants notice that unlicensed performances of ASCAP's members' musical compositions at Tap & Grill constitute copyright infringement of ASCAP's members' copyrights in their musical works.

18. Despite repeated reminders of their liability under the United States Copyright Law, Defendants have continued to perform publicly copyrighted musical compositions written and owned by ASCAP's members at Tap & Grill including the copyrighted works involved in this action, without permission, during the hours the establishment is open to the public for business and presenting musical entertainment.

17. Notwithstanding the foregoing, Defendants have continued to present public performances of the copyrighted musical compositions of ASCAP members at Tap & Grill, including the copyrighted works involved in this action, without permission, during the hours that the establishment is open to the public for business and presenting musical entertainment.

18. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

19. The original musical composition named in cause of action 1 was registered as unpublished, and since the date of registration have been printed and published in strict conformity with Title 17 of the United States Code.

20. The original musical compositions named in causes of action 2 and 3 were published on the date stated in Column 5, and since the date of publication have been printed and published in strict conformity with Title 17 of the United States Code.

21. The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17 of the United States Code, secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

22. The original compositions named in causes of action 1 and 2 are now in their renewal terms of copyright, secured by the due filing of applications for renewal of copyright in the office of the Register of Copyrights. The Register of Copyrights thereupon issued Certificates of Registration of the claims of renewal in the names of the claimants listed in Column 7. The dates and identification numbers of the respective renewal certificates are set forth in Column 8.

23. Defendants on the dates specified in Column 9, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in

Column 3 by performing publicly the compositions at Tap & Grill, for the entertainment and amusement of the patrons attending said premises, and Defendants threaten to continue such infringing performances.

24. The public performances at Tap & Grill of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 9 were unauthorized: neither Defendants, nor any of the Defendants' agents, servants or employees, nor any performer was licensed by, or otherwise received permission from any Plaintiff, or any agent, servant, or employee of any Plaintiff, to give such performances.

25. In undertaking the conduct complained of in this action, Defendants knowingly and intentionally violated Plaintiffs' rights.

26. The many unauthorized performances at Tap & Grill include the performances of the three copyrighted musical compositions upon which this action is based

27. At the times of the acts of infringement complained of, the Plaintiff named in each cause of action was an owner of the copyright in the composition therein named.

28. The said wrongful acts of Defendants have caused and are causing great injury to the Plaintiffs, which damage cannot be accurately computed, and unless this Court restrains Defendants from the further commission of said acts, said Plaintiffs will suffer irreparable injury, for all of which the said Plaintiffs are without any adequate remedy at law.

WHEREFORE, Plaintiffs pray:

I. That Defendants and all persons acting under the direction, control, permission or authority of Defendants be enjoined and restrained permanently from publicly performing the aforementioned compositions -- or any of them -- and from causing or permitting the said compositions to be publicly performed at Tap & Grill, or at any place owned, controlled, managed,

or operated by Defendants, and from aiding or abetting the public performance of such compositions in any such place or otherwise.

II. That Defendants be decreed to pay such statutory damages as to the Court shall appear just, as specified in 17 U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred and Fifty Dollars ($750) in each cause of action herein.

III. That Defendants be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

For such other and further relief as may be just and equitable.

**BERGMANIS LAW FIRM, L.L.C.**

By: /s/*Erik A. Bergmanis*
    Erik A. Bergmanis    MBE #33151
380 West U.S. Highway 54, Suite 201
Camdenton, Missouri 65020
Phone: 573-346-2111    Fax: 573-346-5885
Email: erik@ozarklawcenter.com
Co-Counsel for Plaintiffs

**RA JEEP LAW, LLC**

By : /s/*Douglas A. Copeland*
    Douglas A. Copeland   MBE #30851
222 S. Central Avenue, Suite 1100
Clayton, MO 63105
Phone : 314-726-1900    Fax : 314-722-2222
Email : copeland@jeep.law
Co-Counsel for Plaintiffs